Steven Glenn REED, Appellee,

v.

**IOWA DEPARTMENT OF
TRANSPORTATION,**
Appellant.

No. 91–383.

Supreme Court of Iowa.

Dec. 24, 1991.

Reconsideration Denied Jan. 24, 1992.

Bonnie J. Campbell, Atty. Gen., David Ferree, Sp. Asst. Atty. Gen., and Robert P. Ewald, Asst. Atty. Gen., for appellant.

Richard A. Bartolomei, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

In this appeal, the Iowa department of transportation challenges the district court's ruling that rescinded revocation of a driver's license. The driver's license was revoked because the driver had allegedly failed a breath test under Iowa Code section 321J.6 (1989) (Iowa's implied consent law). *See* Iowa Code § 321J.12 (test result revocation).

The district court ordered the department to rescind the revocation on two grounds. First, the court concluded there were no reasonable grounds to believe the driver had been operating a motor vehicle while intoxicated. This is a necessary requirement for invoking the implied consent law and for revoking a license because a driver fails a test for intoxication. *See* Iowa Code §§ 321J.6 (implied consent to test), 321J.12 (test result revocation). Second, the court also concluded the officer did not administer the test within the two-hour

time limit required by Iowa Code section 321J.6(2).

The department argues here that there is substantial evidence to support its findings on the reasonable grounds issue. In addition the department thinks the district court incorrectly tied the two-hour time limit to the driver's initial arrest for a traffic offense rather than to the arrest for operating while intoxicated (OWI). Finally, the department urges that the two-hour time limit in section 321J.6(2) did not apply.

We agree with the department that there were reasonable grounds to believe the driver had been operating a motor vehicle while intoxicated. We also agree that the two-hour time limit in section 321J.6(2) did not apply. This renders moot the question whether the district court incorrectly tied the two-hour time limit to the initial arrest. For these reasons, we reverse and remand with directions.

### I. *Factual Background.*

In the late hours of March 20 or early morning of March 21, 1990, Polk County Deputy Sheriff Stanley Stout saw a motor vehicle driven by Steven Glenn Reed twice cross the center line of a rural county highway. Stout stopped Reed and arrested him for failure to dim his high beam headlights.

After stopping Reed, Stout saw that Reed was very unsteady on his feet. Stout also detected the odor of an alcoholic beverage on Reed's breath.

Stout then took Reed to the Polk County jail. There, Stout talked with Deputy Sheriff Kip Hayward. Hayward is a Serious Traffic Offender Program (STOP) officer. STOP officers are responsible for administering OWI and other field sobriety tests to drivers suspected by the arresting officer of driving while under the influence.

In talking with Hayward, Stout told him the circumstances surrounding Reed's arrest. Following standard procedure in a suspected OWI case, Stout then turned Reed over to Hayward.

At 1:45 a.m. Hayward asked Reed to submit to a preliminary breath screening test (PBT). *See* Iowa Code §§ 321J.6(1), 321J.9, 321J.12. Reed did so. The test result showed a blood alcohol concentration (BAC) of .19. This was well over the statutory limit for OWI, which is .10. *See* Iowa Code §§ 321J.1, 321J.2. Hayward immediately told Reed that he was under arrest for this statutory violation.

Hayward next asked Reed to submit to an evidentiary breath test to determine his BAC. Reed did that too. This breath test result showed a BAC of .10 or greater. Because this test result was at or over the statutory floor, Hayward at once served Reed with notice of a year license revocation for failing the test. *See* Iowa Code § 321J.12.

### II. *Procedural Background.*

After his license was revoked, Reed asked for a contested case hearing. *See* Iowa Code § 17A.12. The administrative law judge (ALJ) upheld the license revocation. Reed appealed the ALJ's decision to the director of the Iowa department of transportation, who affirmed the ALJ's decision.

After exhausting his administrative remedies, Reed filed a petition for judicial review in the district court. *See* Iowa Code § 17A.19. The district court ordered the department to rescind the revocation and restore Reed to his operating and registration privileges. The department appeals from this order.

### III. *Reasonable Grounds Issue.*

Iowa's implied consent law is set out in section 321J.6, which pertinently provides:
*Implied consent to test.*

1. *A person who operates a motor vehicle in this state under circumstances which give reasonable grounds to believe that the person has been operating a motor vehicle [while intoxicated] is deemed to have given consent to the withdrawal of specimens of the person's blood, breath, or urine and to a chemical test or tests of the specimens for the purpose of determining the alcohol concentration or presence of drugs, subject to this section. The with-*

drawal of the body substances and the test or tests shall be administered at the written request of a *peace officer having reasonable grounds to believe that the person was operating a motor vehicle [while intoxicated],* and if any of the following conditions exist:

. . . .

(Emphasis added.) Clearly, as the italicized portions of this provision confirm, the implied consent statute cannot be invoked unless the officer first has reasonable grounds to believe the driver had been operating a motor vehicle while intoxicated. A similar requirement must be met for a test result revocation under Iowa Code section 321J.12.

The department contends—contrary to the district court's conclusion—that Hayward possessed reasonable grounds to believe that Reed had operated a motor vehicle while intoxicated. This is a fact question.

▇ On appeal, an agency's factual findings are binding if supported "by substantial evidence in the record made before the agency when that record is viewed as a whole." Iowa Code § 17A.19(8)(f). Evidence is substantial when a reasonable person could accept it as adequate to reach the same findings. *Norland v. Iowa Dep't of Job Serv.,* 412 N.W.2d 904, 913 (Iowa 1987). Conversely, evidence is not insubstantial merely because it would have supported contrary inferences. *Id.* Nor is evidence insubstantial because of the possibility of drawing two inconsistent conclusions from it. The ultimate question is not whether the evidence supports a different finding but whether the evidence supports the findings actually made. *Ward v. Iowa Dep't of Transp.,* 304 N.W.2d 236, 237–38 (Iowa 1981). So under this limited scope of factual review, we ask only if the evidence submitted supports the factual findings actually made by the agency. *Norland,* 412 N.W.2d at 908.

▇ In implied consent proceedings the driver has the burden to prove why the license should not be revoked. *Downing v. Iowa Dep't of Transp.,* 415 N.W.2d 625, 627 (Iowa 1987). Reed, then, had the bur-

den to prove Hayward lacked reasonable grounds to believe Reed had been operating a motor vehicle while intoxicated.

Reasonable grounds exist if the facts and circumstances known to the officer at the time action was required would have warranted a reasonable person to believe that an offense had been committed. *State v. Owens,* 418 N.W.2d 340, 342 (Iowa 1988).

In view of the department's finding that Hayward had such grounds, Reed had to prove otherwise as a matter of law. *See Ward,* 304 N.W.2d at 238 (agency finding binding on appeal unless contrary result demanded as matter of law). This is a heavy burden and one that Reed falls short of meeting.

The record from the contested case hearing is not well developed on the reasonable grounds issue. That is not surprising given Reed's action in not focusing on it as critical. Nevertheless we think the record is adequate to resolve the issue.

Reed testified that no PBT was ever administered to him by any officer or any other person at any time. He also testified he was never asked to do any field sobriety tests. This is all the evidence Reed presented on the issue.

The department relied on Hayward's written request for a specimen and notice of revocation. *See* Iowa Code §§ 321J.6, 321J.12. In addition the department relied on Hayward's testimony.

The request and notice contain Hayward's verified statement—made shortly after the PBT was administered—that reasonable grounds existed to believe Reed had operated a motor vehicle while intoxicated.

In addition Hayward testified that Stout had told him about the circumstances surrounding Stout's arrest of Reed at the scene. From Stout, Hayward learned that Reed had failed to dim his high beam headlights and had crossed the highway center line twice. He also learned that there was an odor of an alcoholic beverage on Reed's breath and that Reed was unsteady on his feet.

Reed apparently thinks that Hayward's second-hand knowledge of Stout's observations is not sufficient to constitute reasonable grounds to believe Reed had operated a motor vehicle while intoxicated. Clearly, this is not the law. We have said so on several occasions. *See State v. Schubert*, 346 N.W.2d 30, 32 (Iowa 1984) (when police officers are acting in concert, the knowledge of one is presumed to be shared by all); *accord Owens*, 418 N.W.2d at 342 (officer asking driver to take a PBT is presumed to have had knowledge of alcoholic odor on the driver's breath, even though officer knew of it only through another officer).

We agree with the department that its evidence was by no means "insubstantial," especially when compared to the minimal and uncorroborated testimony of Reed. We think the record more than adequately supports the department's finding that Hayward had reasonable grounds to believe Reed had been operating a motor vehicle while intoxicated. The district court erred when it decided otherwise.

IV. *The Two–Hour Time Limit Issue.*

■ Earlier we said that the implied consent statute (section 321J.6) cannot be invoked unless the officer first has reasonable grounds to believe the driver had been operating a motor vehicle while intoxicated. In addition to this requirement, any one of the following conditions must exist: (a) an OWI arrest, (b) a personal injury accident, (c) a PBT refusal, (d) a PBT of .10 or more, or (e) evidence of other drug use. *See* Iowa Code § 321J.6(1)(a), (b), (c), (d), and (e) (1989).

Even though these conditions are met and the implied consent statute has been properly invoked, there can be no revocation in the limited circumstances of section 321J.6(2). Section 321J.6(2) provides:

> The peace officer shall determine which of the three substances, breath, blood, or urine, shall be tested. Refusal to submit to a chemical test of urine or breath is deemed a refusal to submit, and section 321J.9 [refusal to submit revocation] applies. A refusal to submit to a chemical test of blood is not deemed a refusal to submit, but in that case, the peace officer shall then determine which one of the other two substances shall be tested and shall offer the test. *If the peace officer fails to offer a test within two hours after the preliminary screening test is administered or refused or the arrest is made, whichever occurs first, a test is not required, and there shall be no revocation under section 321J.9.*

(Emphasis added.)

Here the district court applied the two-hour time limit. The court found that the OWI arrest was made when Reed was initially stopped. Because this was more than two hours before a breath specimen was requested, the court concluded there could be no revocation.

Although we question whether the OWI arrest was made when Reed was initially stopped, we agree with the department that this determination is irrelevant here. We hold that the two-hour time limit does not apply to a driver like Reed who *fails* a chemical test under Iowa Code section 321J.12 (test result revocation). Rather, such time limit applies only to a revocation based on a refusal to submit to testing under section 321J.9. The language "there shall be no revocation under section 321J.9 [refusal to submit revocation]" clearly supports this conclusion. Had the legislature intended the two-hour time limit to apply to any revocation, it could easily have included language such as "under section 321J.9 or 321J.12" or "under this chapter."

The words "under section 321J.9" mean nothing under the district court's interpretation. This, of course, directly contravenes the rule that statutes should not be interpreted to make any part of them superfluous. *Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue*, 301 N.W.2d 760, 765 (Iowa 1981).

Our interpretation of section 321J.6(2) is consistent with what we said in *State v. Kelly*, 430 N.W.2d 427, 431 (Iowa 1988):

> We think it is clear ... that the legislature intended the two-hour limitation established by section 321J.6(2) to apply

only to a driver's license revocation under section 321J.9. We hold that the two-hour requirement under section 321J.6(2) is not a foundational requirement for the admissibility of evidence in an OMVI prosecution.

Here the district court thought *Kelly* had no application because it dealt with admissibility of test results in a criminal prosecution rather than in a license revocation proceeding. Although there is this difference, we think *Kelly* is relevant because it speaks to the *meaning* of the language in section 321J.6(2), dealing with the two-hour time limit.

In *Kelly*, we made it clear that section 321J.6(2) does not prohibit testing after the two-hour time limit has expired. The statute merely provides that a test is not required after the two hours. And a *refusal* to consent to a test at that time does not result in revocation. In addition, if the defendant does consent to testing and the other provisions of section 321J.6 are met, the test results are admissible in the criminal prosecution. *Kelly*, 430 N.W.2d at 430–31. We think the same reasoning applies to license revocation proceedings.

Here not only were there reasonable grounds to believe Reed had been operating a motor vehicle while intoxicated, but Reed also consented to a PBT, the results of which were above the statutory limit. At this point the requirements for implied consent for chemical testing under section 321J.6 were met. Reed then consented to the evidentiary breath test, the results of which showed a BAC at or above the statutory limit. With this last test, all of the requirements of Iowa Code section 321J.12 for test result revocation were met. The district court erred in concluding otherwise.

### V. *Disposition.*

In summary, we conclude for two reasons that all of the requirements for implied consent in section 321J.6 were met. First, Hayward had reasonable grounds to believe Reed had been operating a motor vehicle while intoxicated. Second, Reed consented to a PBT, the results of which were above the statutory limit.

The two-hour time limit in section 321J.6(2) applies only to a test refusal revocation under section 321J.9 and not to a test result revocation under section 321J.12. Here Reed did not refuse testing, he consented to it. The department therefore properly considered the evidentiary breath test result regardless of whether such testing was done within the two-hour time limit. Because all of the requirements of section 321J.12 were met, the department properly revoked Reed's license under that section.

For all these reasons, the district court should have upheld the revocation rather than ordering its rescission. We therefore reverse the district court's order and remand the case for an order reinstating the revocation.

REVERSED AND REMANDED WITH DIRECTIONS.