Arthur Lowell MUNSON, Jr., Appellant,

v.

**IOWA DEPARTMENT OF TRANS-
PORTATION, MOTOR VEHI-
CLE DIVISION, Appellee.**

No. 93–584.

Supreme Court of Iowa.

March 23, 1994.

Rehearing Denied April 20, 1994.

---

Roger L. Sutton, Sutton Law Office, Charles City, for appellant.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellee.

Considered by CARTER, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

The Iowa Department of Transportation (DOT) revoked the license of Arthur Lowell Munson, Jr., after he failed to pass a chemical test under Iowa's implied consent statute. We reverse the district court ruling upholding the agency's actions.

### I. *Scope of Review.*

Our review of the DOT decision is governed by Iowa Code chapter 17A. Our review, like that of the district court, is confined to the correction of errors of law. Iowa Code § 17A.19 (1991); *Busing v. Iowa Dep't of Transp.*, 455 N.W.2d 921, 922 (Iowa 1990). The fact question raised in this appeal is whether the arresting officer possessed reasonable grounds to believe Munson was or had been operating a motor vehicle while intoxicated. *See* Iowa Code § 321J.6. The

agency's action will be upheld if supported "by substantial evidence in the record made before the agency when that record is viewed as a whole." Iowa Code § 17A.19(8)(f).

As summarized in *Reed v. Iowa Department of Transp.*, 478 N.W.2d 844, 846 (Iowa 1991):

> Evidence is substantial when a reasonable person could accept it as adequate to reach the same findings. Conversely, evidence is not insubstantial merely because it would have supported contrary inferences. Nor is evidence insubstantial because of the possibility of drawing two inconsistent conclusions from it. The ultimate question is not whether the evidence supports a different finding but whether the evidence supports the findings actually made.

(Citations omitted.)

Iowa's implied consent law requires that withdrawal of body substances and a chemical test must be administered at the written request of a peace officer having reasonable grounds to believe that the person was operating a motor vehicle while intoxicated. Iowa Code § 321J.6.

> [T]he implied consent statute cannot be invoked unless the officer first has reasonable grounds to believe the driver had been operating a motor vehicle while intoxicated. A similar requirement must be met for a test result revocation under Iowa Code section 321J.12.

*Reed*, 478 N.W.2d at 846. Munson has the burden to prove why his license should not be revoked. *Id.*

### II. *Background.*

On August 21, 1992, officer Lance Schutjer of the Charles City Police Department was on routine patrol checking buildings in Charles City. At approximately 1:45 a.m. he drove into a private parking area adjacent to a commercial building. He saw a pickup parked with its back against a fence and Munson asleep behind the wheel. The vehicle door was locked, the keys were in the ignition, and the radio was on. The officer knocked on the vehicle window and door and eventually woke up Munson. When asked if he was okay Munson said he was all right, he

had been sleeping, and was waiting to go to work in the morning. Munson showed the officer his driver's license when asked for identification.

At that point the officer smelled an alcoholic odor and asked Munson to step out of the vehicle to perform sobriety tests. Munson failed the sobriety tests and the preliminary breath test. The officer observed beer cans in the vehicle but did not examine them. Munson volunteered to the officer that he had not been drinking in the parking lot.

Munson was then placed under arrest for operating while intoxicated in violation of section 321J.2 and taken to the police station. Officer Schutjer invoked the implied consent provision and Munson provided a breath specimen at 2:20 a.m. Iowa Code § 321J.6. The test results indicated an alcohol concentration of .147.

The DOT notified Munson that his motor vehicle operating and registration privileges were revoked because he failed the chemical test; the test results indicated an alcohol concentration of .10 or more. *Id.* § 321J.12. Following an administrative hearing, an Administrative Law Judge (ALJ) upheld the revocation. Upon Munson's request for review by the agency director, the decision of the ALJ was affirmed.

Having exhausted all available administrative remedies, Munson filed a petition for judicial review in district court. *Id.* § 321J.14. The court found sufficient facts to support the finding that the arresting officer had reasonable grounds to believe Munson had been operating his motor vehicle in violation of Iowa Code section 321J.2; accordingly, the decision to revoke was affirmed. Munson appealed the court's judgment. *Id.* § 17A.20.

III. *Operation of Vehicle.*

The DOT found reasonable grounds existed to believe Munson was operating a motor vehicle while under the influence of an alcoholic beverage. The following underlying facts were specifically identified in support of that finding. Munson (1) was found asleep in his vehicle with the ignition in the "on" position and the radio on; (2) turned the ignition off; (3) stated he had driven the vehicle to where the vehicle was parked; (4) stated he had not drunk anything after parking his vehicle; (5) had a strong odor of alcohol; and (6) was unsteady and his eyes were bloodshot and watery. The record contains no evidence that the engine was running. Based on these findings, and inferences that might be drawn from the circumstances, the agency found officer Schutjer possessed reasonable grounds to believe Munson was or had been operating a motor vehicle while intoxicated.

■ We find substantial evidence in the record that Munson was intoxicated at the time of his arrest. Therefore, the issue before us is whether Schutjer possessed reasonable grounds to believe Munson was "operating" a vehicle while intoxicated. Iowa motor vehicle law defines an "operator" as a person who is in actual physical control of a motor vehicle. Iowa Code § 321.1(42). The agency urges a person is operating a vehicle if in a position to have the *present or potential* capability to activate or direct the movement of a vehicle. This concept was included in the instruction submitted to the jury in *State v. Weaver*, 405 N.W.2d 852, 855 (Iowa 1987). Using the uniform instruction the court instructed the jury that:

> The term "operates" ... means to have the immediate, actual physical control over the operating mechanisms of a motor vehicle that is in motion or has its engine running and may include minimal acts of control or activation of mechanical aspects of the vehicle.

*Id.*

Officer Schutjer testified the key was in the ignition, the radio was on, and after Munson awoke he turned the ignition off. Schutjer was not sure if the key was in a position to start the vehicle or was in the auxiliary position. The agency urges these facts are sufficient to support a finding that Munson "operated" his motor vehicle while in the parking lot.

We reject this argument. The current uniform instruction provides "the term 'operate' means the immediate, actual physical control over a motor vehicle that is in motion and/or has its engine running." 2 Iowa

Criminal Jury Instructions 2500.6 (1988). We approve this definition requiring that either the vehicle be in motion or its engine be running.

We note that in *Weaver* a police officer came upon the defendant, alone in his vehicle parked in the middle of the road with the engine running and the lights on. *Weaver*, 405 N.W.2d at 853. Likewise, all cases from other jurisdictions cited by the agency involved a defendant who was asleep behind the wheel of a vehicle with its motor running. *See Jacobson v. State*, 551 P.2d 935, 938 (Alaska 1976); *State v. Webb*, 78 Ariz. 8, 274 P.2d 338, 339 (1954); *Newman v. Stinson*, 489 S.W.2d 826, 828 (Ky.1972); *Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375, 379 (1974); *State v. DuBray*, 298 N.W.2d 811, 814 (S.D.1980); *State v. Godfrey*, 137 Vt. 159, 400 A.2d 1026, 1026–27 (1979). As a matter of law, there is no substantial evidence to support the agency's finding that the officer had reasonable grounds to believe Munson was operating a vehicle at the time he was observed in the parking lot.

 We next consider whether officer Schutjer had reasonable grounds at the time implied consent was invoked to believe Munson had been operating his vehicle while intoxicated before he was observed in the parking lot. In *State v. Braun*, 495 N.W.2d 735, 739–40 (Iowa 1993), we recognized that both direct and circumstantial evidence may be considered when determining whether reasonable grounds exist. The agency found Munson stated that he had driven the vehicle to where it was parked and that he had not drunk anything after parking his vehicle.

Although Munson admitted at the hearing before the ALJ that he had arrived at the parking lot approximately two and one-half hours before he was awakened by the police, this admission was not made to officer Schutjer prior to his invoking implied consent. Nor did the officer testify Munson had stated that he had not drunk anything *after parking* his vehicle. Schutjer testified Munson told him he had not drunk anything since he had been there; he had not been drinking after he got to the parking lot. Schutjer admitted Munson did not tell him how long he had been in the parking lot or how he had gotten there. The agency findings as to what Munson told Schutjer are not supported by substantial evidence in the record.

The reasonable grounds test is met "when the facts and circumstances known to the officer at the time action was required would have warranted a prudent person's belief that an offense has been committed." *Id.* at 738–39. Our review of the record demonstrates as a matter of law there was not substantial evidence to satisfy the objective test. We conclude that at the time the officer invoked implied consent he did not have reasonable grounds to believe that Munson had been operating while intoxicated. Having failed to meet this test, the agency may not revoke Munson's license under the provisions of Iowa Code section 321J.12.

**REVERSED.**