Arthur Ray **POINTER**, Appellant,

v.

**IOWA DEPARTMENT OF TRANSPOR-TATION, MOTOR VEHICLE DIVI-SION, Appellee.**

No. 95–1125.

Supreme Court of Iowa.

April 17, 1996

Bryan R. Jennings of Reich Law Firm, Adel, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Kerry Anderson, Assistant Attorney General, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

PER CURIAM.

Arthur Ray Pointer (Pointer) appeals the district court's ruling upholding the Iowa Department of Transportation's (DOT) revocation of his driver's license. Pointer argues there was not substantial evidence to show he was operating a vehicle while intoxicated; therefore, the arresting officer did not have reasonable grounds to invoke the implied consent law. We affirm.

I. *Background Facts and Proceedings.*

On October 8, 1994, at approximately 1:50 p.m., Dallas County Deputy Sheriff Mike Wilson checked a vehicle in a ditch, partially in a cornfield, approximately one mile east of Booneville, Iowa. Wilson found Pointer slumped over in the front seat on the driver's side of the car. Wilson detected the odor of alcohol and observed that Pointer's eyes were bloodshot and watery. Pointer was apparently too intoxicated to stand on his own. Pointer indicated he had been drinking at the 13th Street Pub in Des Moines. Pointer also stated that he had been arrested one other time for operating while intoxicated. Wilson arrested Pointer and asked him where the keys to the car were. Pointer answered that he had dropped them on the floor or seat of the car. Wilson found the keys in the car. Wilson transported Pointer to the county jail. Pointer stated to Wilson at least twice that he had "really screwed up." At the jail Wilson invoked the implied consent law and subsequent chemical testing indicated Pointer had a blood alcohol level of .236.

The DOT revoked Pointer's license pursuant to Iowa Code section 321J.12 (1993) on the basis of the chemical test failure. Pointer challenged the revocation claiming Wilson did not have reasonable grounds for invoking the implied consent law because Pointer had not been operating the car.

At the contested case hearing Pointer admitted he had been drinking at the 13th Street Pub on October 8, 1994. However, he explained that when he could not reach his fiancé to come pick him up from the bar, he agreed to allow a man named Ed from DeSoto to drive him to his home in Grimes. Ed's truck was broken down west of Interstate 35/80. The plan was for Ed to drive Pointer in Pointer's car to the truck and take Pointer home when the truck was repaired. Pointer remembered leaving the bar with Ed driving his car. He fell asleep and awoke briefly and heard Ed leave. He awoke again when Ed asked him if he wanted Ed to get another driver so that Pointer would not have to abandon his car. Pointer agreed and Ed returned Pointer's keys to him. Pointer fell back to sleep and next awoke when Deputy

Wilson knocked on the car window. Pointer claimed he never knew Ed's last name and therefore could not locate him.

Donald Mauchline, a supervisor at Pointer's workplace, testified that he had seen Pointer's car leaving the 13th Street Pub on October 8, 1994, at approximately 12:20 p.m. He further stated he observed Pointer, apparently asleep, in the passenger seat and someone else driving the car.

The DOT upheld the revocation. Pointer unsuccessfully exhausted his administrative remedies and filed a petition for judicial review. Following a hearing, the district court affirmed the DOT's decision finding there was substantial evidence to support it. Pointer appeals.

## II. *Scope of Review.*

■ Our review of the DOT's decision is governed by Iowa Code chapter 17A and is confined to the correction of errors of law. Iowa Code § 17A.19 (1993); *Munson v. Iowa Dep't of Transp.*, 513 N.W.2d 722, 723 (Iowa 1994). We will uphold the agency's action if supported "by substantial evidence in the record made before the agency when that record is viewed as a whole." Iowa Code § 17A.19(8)(f). Evidence is substantial when a reasonable person could accept it as adequate to reach the same findings. *Reed v. Iowa Dep't of Transp.*, 478 N.W.2d 844, 846 (Iowa 1991). The ultimate question is not whether the evidence supports a different finding but whether the evidence supports the findings actually made. *Id.* The driver has the burden to prove why the license should not be revoked. *Id.*

## III. *Reasonable Grounds.*

■ Pointer argues Wilson did not have reasonable grounds to invoke the implied consent law. "Iowa's implied consent law requires that withdrawal of body substances and a chemical test must be administered at the written request of a peace officer having reasonable grounds to believe that person was operating a motor vehicle while intoxicated." *Munson*, 513 N.W.2d at 723 (citing Iowa Code § 321J.6). "The reasonable grounds test is met 'when the facts and circumstances known to the officer at the

time action was required would have warranted a prudent person's belief that an offense has been committed.'" *Id.* (quoting *State v. Braun*, 495 N.W.2d 735, 738–39 (Iowa 1993)).

■ Pointer does not dispute that there were reasonable grounds for Wilson to believe he was intoxicated. He relies on *Munson* in support of his contention that Wilson did not have reasonable grounds to believe he was or had been operating a vehicle.

In *Munson* a police officer observed a pickup parked in a private parking area next to an adjacent building. *Munson*, 513 N.W.2d at 723–24. Munson was asleep behind the steering wheel, the keys were in the ignition and the radio was on. *Id.* The officer woke Munson who said he was sleeping and waiting to go to work. *Id.* The officer smelled alcohol and asked Munson to perform field sobriety tests which, along with a breath test, Munson failed. *Id.* Under these facts, we held the arresting officer did not have reasonable grounds to believe Munson was operating a vehicle at the time he was observed in the parking lot because the vehicle was not in motion nor was its engine running. We further found there was not substantial evidence to support the agency's finding that Munson stated he had driven the vehicle to where it was parked and that he had not drunk anything after parking the vehicle. *Id.* at 725. Therefore, we held there were no reasonable grounds for the officer to believe Munson had been operating his vehicle while intoxicated. *Id.*

We agree that Pointer was not operating a vehicle when Wilson came on the scene. However, as in *Munson*, our next consideration is whether there were reasonable grounds for Wilson to believe Pointer *had been* operating the vehicle. *See id.*

■ We believe the following facts provide substantial evidence to support the agency's finding that there were reasonable grounds for Wilson to believe Pointer *had been* operating a vehicle while intoxicated: (1) Pointer's car was in a ditch one mile from the nearest town; (2) Wilson did not see anyone but Pointer in the area of the car; (3) Point-

er stated to Wilson that he had "really screwed up"; (4) Pointer appeared intoxicated and stated he had been drinking at a Des Moines bar; (5) Pointer was in the front seat on the driver's side of the car when Wilson found him; and (6) the car keys were found in the car where Pointer stated they were located. While it is true that no one saw Pointer operating the vehicle, both direct and circumstantial evidence may be considered in determining whether reasonable grounds exist. *Id.*

We affirm the district court's ruling upholding the DOT's revocation of Pointer's license.

**AFFIRMED.**