Ward Frank RAMSEY, Appellant,

v.

IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellee.

No. 96–1474.

Supreme Court of Iowa.

March 25, 1998.

Thomas M. Walter of Johnson, Hester, Walter & Harrison, L.L.P., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Noel C. Hindt, Assistant Attorney General, for appellee.

ANDREASEN, Justice.

This appeal arises from a decision of the district court affirming the revocation of Ward Ramsey's motor vehicle license by the Iowa Department of Transportation (DOT). His license was revoked for refusal to provide a body specimen for chemical testing pursuant to Iowa Code section 321J.9 (1995 Supp.). We affirm.

## I. *Background Facts and Proceedings.*

On December 15, 1995, at approximately 2:15 a.m., Ottumwa police officer Daniel Lentsch stopped Ramsey after the officer determined Ramsey had run a stop sign. After the stop, the officer observed Ramsey's eyes were bloodshot and he had an odor of alcohol about his person. After arresting Ramsey for operating a motor vehicle while intoxicated, Lentsch invoked the implied consent law. Ramsey refused to submit to chemical testing, and as a result his motor vehicle license was revoked.

Ramsey commenced contested case proceedings challenging the revocation. An administrative law judge (ALJ) entered a ruling determining that Lentsch did not have reasonable grounds to believe Ramsey was operating a motor vehicle while intoxicated in violation of Iowa Code section 321J.2 (1995). The ALJ determined the revocation should be rescinded. On the DOT's appeal, a designated reviewing officer reversed the ALJ's decision. The reviewing officer concluded Lentsch had reasonable grounds to believe Ramsey was operating a motor vehicle while intoxicated. The reviewing officer's decision constituted final agency action.

Ramsey filed a petition for judicial review challenging the reviewing officer's decision. Ramsey claimed the department lacked authority under Iowa Code section 321J.13(3) to

request review of the ALJ's decision rescinding the revocation. Ramsey also claimed the reviewing officer's decision was not supported by substantial evidence.

The district court entered a ruling affirming the department's revocation of Ramsey's license. The court determined that under Iowa Code section 17A.15(3), the department had the authority to review the proposed decision by the ALJ. The court also concluded the reviewing officer's decision that the arresting officer had reasonable grounds to believe Ramsey was operating his motor vehicle while intoxicated was supported by substantial evidence. Ramsey filed a notice of appeal.

## II. *Scope of Review.*

Our review is governed by the Iowa Administrative Procedure Act. Iowa Code ch. 17A. In review of agency action we may modify, reverse, or grant other appropriate relief if the agency action is affected by error of law or not supported by substantial evidence. *Id.* § 17A.19(8). We review the agency's findings to determine if they are supported by substantial evidence.

## III. *Department's Right to Appeal.*

■ The crux of Ramsey's statutory argument is that Iowa Code section 321J.13 grants a right of appeal from the decision of the ALJ only to the licensee, not to the DOT. That section states:

3. After the hearing the department shall order that the revocation be either rescinded or sustained. If the revocation is sustained, the administrative law judge who conducted the hearing may issue a temporary restricted license to the person whose motor vehicle license or operating privilege was revoked. Upon receipt of the decision of the department to sustain a revocation, *the person contesting the revocation* has ten days to file a request for review of the decision by the director. The director or the director's designee shall review the decision within fifteen days and shall either rescind or sustain the revocation or order a new hearing. If the director orders a new hearing, the department shall grant the person a new hearing within thirty days of the director's order.

Iowa Code § 321J.13(3) (emphasis added). Ramsey argues the section should be so interpreted because it would be ludicrous to provide the DOT with a right of appeal to itself. Further, Ramsey contends the legislature intended that only the licensee had a right to appeal the decision of the ALJ. Any administrative rules to the contrary, Ramsey argues, are void as being in contravention of this statute.

The DOT argues that the appeal rights are controlled by the provisions of the Administrative Procedure Act, Iowa Code section 17A.15. That section provides:

1. When the agency presides at the reception of the evidence in a contested case, the decision of the agency is a final decision.

2. When the agency did not preside at the reception of the evidence in a contested case, the presiding officer shall make a proposed decision. Findings of fact shall be prepared by the officer presiding at the reception of the evidence in a contested case unless the officer becomes unavailable to the agency. If the officer is unavailable, the findings of fact may be prepared by another person qualified to be a presiding officer who has read the record, unless demeanor of witnesses is a substantial factor. If demeanor is a substantial factor and the presiding officer is unavailable, the portions of the hearing involving demeanor shall be heard again or the case shall be dismissed.

3. When the presiding officer makes a proposed decision, that decision then becomes the final decision of the agency without further proceedings unless there is an appeal to, or review on motion of, the agency within the time provided by rule. On appeal from or review of the proposed decision, the agency has all the power which it would have in initially making the final decision except as it may limit the issues on notice to the parties or by rule. In cases where there is an appeal from a proposed decision or where a proposed decision is reviewed on motion of the agency, an opportunity shall be afforded to

each party to file exceptions, present briefs and, with the consent of the agency, present oral arguments to the agency members who are to render the final decision.

The DOT's position is that subsection one does not apply because an ALJ presided at the initial hearing, not the agency. Thus, the decision was not final. Under subsection two, the presiding officer (here the ALJ) makes a proposed decision which is not final. Appeal rights from the decision are then provided to both the licensee and the DOT by subsection three. The right of review provided to the DOT is contained in the statutory language "where a proposed decision is reviewed on motion of the agency." Iowa Administrative Code rule 761–620.4(2) amplifies this right, the DOT argues, by stating:

*Appeal of an administrative law judge's decision.* A decision by an administrative law judge shall become the final decision of the department and shall be binding on the department and the person who requested the hearing unless either appeals the decision in accordance with this subrule.

Our review convinces us that the DOT's interpretation of these statutes is correct and we so hold. Iowa Code section 17A.15(3) expresses an intent by the legislature to allow the DOT to seek review of a proposed decision. The district court is affirmed on this issue.

### IV. *Sufficiency of the Evidence.*

■■■ Ramsey claims the decision to revoke his license was not supported by substantial evidence. On appeal, we apply the standard of review set forth in Iowa Code section 17A.19 to the agency decision, to determine if our conclusions are the same as those of the district court. *Bromeland v. Iowa Dep't of Transp.,* 562 N.W.2d 624, 625 (Iowa 1997). We will reverse an agency's findings if, after we review the record as a whole we determine that substantial evidence does not support the agency findings. Iowa Code § 17A.19(8)(f); *Pointer v. Iowa Dep't of Transp.,* 546 N.W.2d 623, 625 (Iowa 1996). Evidence is substantial when a reasonable person could accept it as adequate to reach the same findings. *Reed v. Iowa Dep't of*

*Transp.,* 478 N.W.2d 844, 846 (Iowa 1991). The ultimate question is not whether the evidence supports a different finding but whether the evidence supports the findings actually made. *Id.* "It is well-established the licensee bears the burden of proof in a license revocation proceeding to show compliance with the implied consent law and the peace officer's failure to satisfy the procedural requirements." *Gaskey v. Iowa Dep't of Transp.,* 537 N.W.2d 695, 697 (Iowa 1995).

■■■ Officer Lentsch was proceeding northbound on Green Street when he observed Ramsey's vehicle proceeding westbound on Second Street, a one-way street. As the officer approached the intersection, he observed Ramsey's vehicle proceeding through the intersection without stopping. Lentsch activated his red lights intending to stop the vehicle and write the driver a citation for a stop sign violation. The officer did not actually see Ramsey fail to stop at the stop sign. When examined by Ramsey's attorney, Lentsch testified:

Q. All right, sir. And where was Mr. Ramsey's vehicle when you first saw it, sir? A. Proceeding through the intersection without stopping. It would have been in the northern most lane of traffic on Second Street.

. . . .

Q. When you first saw the vehicle then it was in the intersection? A. It was proceeding through the stop sign. It was half in the intersection.

Q. And half in the stop sign? A. Yes, sir.

Q. All right. So you could not tell whether it had stopped and started or whether it had started up at that point? A. At its rate of speed, sir, it was obvious that it didn't stop.

THE COURT: What was that answer?

A. At the rate of speed it was traveling it was obvious it didn't stop.

Q. You didn't actually see whether or not the vehicle stopped at the intersection. You just saw the speed it was going through, through the intersection? A. Yes, sir.

Before invoking the implied consent procedure a peace officer must have "reasonable grounds to believe that the person was operating a motor vehicle in violation of section 321J.2 or 321J.2A...." We have defined the reasonable grounds requirement in terms of an objective test. "The reasonable grounds test is met when the facts and circumstances known to the officer at the time the action was required would have warranted a prudent person's belief that an offense has been committed." *State v. Braun*, 495 N.W.2d 735, 738–39 (Iowa 1993).

Officer Lentsch had a reasonable basis for stopping Ramsey. We have said erratic driving is a sufficient basis to justify an officer stopping a vehicle and conducting an investigation. *Shellady v. Sellers*, 208 N.W.2d 12, 14 (Iowa 1973). Undoubtedly, failure to stop at a marked intersection constitutes erratic driving. From approximately twenty-five feet away officer Lentsch observed Ramsey's car traveling at a speed that made it "obvious" the car had not stopped. The officer knew it would not have been possible for any vehicle to have come to a complete stop and then accelerate to the speed he witnessed in such a short distance. The officer reasonably concluded, based on his experience and observations, that the car had not stopped at the stop sign.

After Lentsch stopped the vehicle, he observed the driver had bloodshot eyes and an odor of alcohol about his person. The reviewing officer found those factors when combined with Ramsey's failure to stop provided reasonable grounds to believe Ramsey was operating a motor vehicle while under the influence of an alcoholic beverage. We find the agency's action is supported by substantial evidence.

**AFFIRMED.**

All justices concur except SNELL, J., who dissents and is joined by McGIVERIN, C.J., and CARTER, J.

SNELL, Justice (dissenting).

I respectfully dissent in part.

Our review of this administrative agency decision proceeds under the legislative directive of Iowa Code section 17A.19(8)(f) (1995). By that section, we are directed to reverse the agency action if substantial rights of the petitioner have been prejudiced because the agency action is unsupported by substantial evidence in the record made before the agency. Our review applies this standard to determine if our conclusions are the same as those of the district court. *Bromeland v. Iowa Dep't of Transp.*, 562 N.W.2d 624, 625 (Iowa 1997). The district court, like our court in reviewing an agency action, exercises only appellate jurisdiction. *Iowa Pub. Serv. Co. v. Iowa State Commerce Comm'n*, 263 N.W.2d 766, 768–69 (Iowa 1978). We will reverse an agency's findings if, after reviewing the record as a whole, we determine that substantial evidence does not support them. *Sierra v. Employment Appeal Bd.*, 508 N.W.2d 719, 720 (Iowa 1993).

The substantial evidence question turns on whether the evidence is such that a reasonable person would find it adequate to reach the agency's conclusion. *Chauffeurs, Teamsters & Helpers, Local Union No. 238 v. Iowa Civil Rights Comm'n*, 394 N.W.2d 375, 379 (Iowa 1986); *Gordon v. Iowa Dep't of Transp.*, 389 N.W.2d 390, 392 (Iowa 1986). The agency's conclusion, which the majority holds as a matter of law is supported by "substantial" evidence, is that officer Lentsch had reasonable grounds to believe Ramsey was operating a motor vehicle while intoxicated. *See* Iowa Code § 321J.9. In considering what is substantial evidence, we should apply the distinction already cited by our court in *State v. Braun*, 495 N.W.2d 735 (Iowa 1993). That is, that our implied consent law recognizes a line between "reasonable grounds to believe a person has been drinking intoxicating liquids" and "reasonable grounds to believe a person is intoxicated." *See Braun*, 495 N.W.2d at 738. In the instant case, the majority has amalgamated this distinction.

"Supported by substantial evidence" is more than a floating aphorism attaching itself to all police work that pursues a worthy goal. The dictionary definition of "substantial" embraces these meanings:

1. of or having substance.

2. real; actual; true; not imaginary.

3. strong; solid; firm; stout.

4. considerable, ample; large.

Webster's New World Dictionary (2d college ed.1986).

The evidence in this case falls woefully short of matching these illustrations of what is substantial. The stop of Ramsey's vehicle proceeded from a conclusion based on an observation of behavior that was not even a traffic offense. Officer Lentsch observed Ramsey's vehicle half way through an intersection and concluded from this observation of speed that Ramsey must have failed to stop at the stop sign. Officer Lentsch testified that the vehicle was not exceeding the speed limit when he observed it and he did not actually see whether Ramsey stopped his vehicle at the stop sign. The net weight of this evidence adds up to a conclusion fortified by a hunch.

After stopping the vehicle, officer Lentsch observed that Ramsey had bloodshot eyes. This condition could be caused by hemorrhage, sinusitis, allergies, blepharitis, injury, or conjunctivitis. Excessive alcohol consumption may or may not be a cause of this condition. Officer Lentsch was examined as to other causes for bloodshot eyes. He testified the cause could be from being sleepy, being ill, or having eye strain or irritation from chemicals, paint, or something else.

Officer Lentsch testified finally that Ramsey "had the odor of an alcoholic beverage about his person." There is no testimony that Ramsey had the smell of alcohol on his breath. Officer Lentsch also testified forthrightly that he made no claim that he could tell by the strength of the odor whether a person was intoxicated. He also testified that Ramsey's car was searched after arrest and prior to its being towed away. No alcoholic beverages or beer were observed in Ramsey's hands or his car. Like smoke, the aura of alcohol can be about a person's body from proximity to people who have consumed beer or alcohol as well as from personal consumption.

Officer Lentsch proceeded from a feeling about something not based on known facts. He had a premonition or suspicion. Our implied consent law requires more than that.

Officer Lentsch did not have reasonable grounds to believe Ramsey was operating his motor vehicle while intoxicated. *See* Iowa Code §§ 321J.2, .6. The record made at the revocation hearing convinces me that there was not substantial evidence to support the Department of Transportation's decision to revoke Ramsey's driver's license. Our review requires the establishment of substantial evidence, or else it becomes nothing more than a rubber stamp of well intentioned police action.

I would reverse the district court and remand to the administrative agency for restoration of petitioner's driver's license.

McGIVERIN, C.J., and CARTER, J. join this dissent.