**IN THE COURT OF APPEALS OF IOWA**

No. 15-0275
Filed November 23, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**EDWARD ALAN CLARK,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows and Henry W. Latham II, Judges.

Defendant challenges his conviction for operating while intoxicated, third offense. **AFFIRMED.**

Courtney T. Wilson of Gomez May LLP, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Following a guilty plea, Edward Clark was convicted of operating while intoxicated, third offense, in violation of Iowa Code sections 321J.1 and 321J.2(2)(c) (2013). Clark challenges the validity of his guilty plea, although his exact challenge is not clear. He seems to argue his counsel was constitutionally ineffective because there was no factual basis for the plea and/or his plea was not knowing, voluntary, and intelligent because his counsel failed to advise him there was no factual basis for the plea. We need not dwell upon the distinctions between the two claims. *See State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013) (recognizing "two distinct strands of constitutional analysis related to [the factual basis of] guilty pleas": the first, an objective inquiry arising out of the right to counsel; the second, a subjective inquiry, arising out of the right to due process). Clark's claim fails under either constitutional rubric.

First, Clark's legal arguments rely on a factual predicate directly contrary to the record. Clark argues there was nothing to establish he was "operating" a motor vehicle because "no evidence existed in the record to show Clark's vehicle was either in motion or that its engine was running." However, during the plea colloquy, while making a factual basis for the plea, Clark admitted he was intoxicated, started the car, and then passed out in a parking lot "with it running," which is where the officers found him. This admission is sufficient to establish a factual basis for his guilty plea under either constitutional rubric. *See Munson v. Iowa Dep't of Transp.*, 513 N.W.2d 722, 724 (Iowa 1994) (providing "the term 'operate' means the immediate, actual physical control over a motor vehicle that is in motion and/or has its engine running") (quotations omitted). Second, the

minutes of testimony, which need not be detailed herein, also provide a factual basis for the plea. Third, and related, Clark's claims fail because counsel had no duty to advise Clark there was no factual basis for the plea because there was a factual basis for the plea. Clark established the factual basis in his plea colloquy with the district court. Clark's contention his counsel was ineffective or his plea was not knowing, intelligent, or voluntary is without merit.

We affirm the defendant's conviction without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), and (e).

**AFFIRMED.**