# IN THE COURT OF APPEALS OF IOWA

No. 16-0319
Filed December 21, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**EZEKIAL CORTEZ PHILLIPS JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge (motion to suppress) and Joel A. Dalrymple, Judge (trial and sentencing).

Ezekiel Phillips Jr. challenges the denial of his motion to suppress. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DANILSON, Chief Judge.**

Ezekiel Phillips Jr. challenges the denial of his motion to suppress. The State invoked the automobile exception to search the vehicle, arguing the officers saw the passenger had an unsealed bottle of alcoholic beverage, which established probable cause to search the vehicle for more evidence of an "open container" violation. The warrantless search of the vehicle was unreasonable. The motion to suppress should have been granted, and the evidence obtained is inadmissible. We therefore reverse and remand.

Because Phillips' challenge to the district court's denial of his motion to suppress implicates his constitutional right to be free of unreasonable searches and seizures, our review is de novo. *State v. Kurth*, 813 N.W.2d 270, 272 (Iowa 2012). "A de novo review constitutes 'an independent evaluation of the totality of the circumstances as shown by the entire record.'" *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013) (citation omitted). We give deference to the factual findings of the district court but we are not bound by such findings. *Id.*

"Both the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution prohibit unreasonable searches and seizures by the government." *Id.* Generally, a warrant is required for a search to be lawful. *See State v. Gaskins*, 866 N.W.2d 1, 7 (Iowa 2015). "'A warrantless search is presumed unreasonable' unless an exception applies." *Id.* (quoting *State v. Moriarty*, 566 N.W.2d 866, 868 (Iowa 1997)).

At about 12:40 a.m. on June 22, 2014, Waterloo Police Officer Mark Nissen was on patrol with Sergeant Matt McGeough in what Officer Nissen referred to as a high-crime area, which had experienced numerous problems in

the evening hours. The officers observed a vehicle parked on the street with its windows down. The officers could hear loud music one-half block away from the vehicle; in passing the vehicle the officers determined the loud music was coming from the parked vehicle.

The officers traveled past the vehicle and then returned and observed Phillips standing next to the vehicle. Sergeant McGeough approached Phillips and Officer Nissen talked to a person in the passenger seat. Officer Nissen requested the passenger's identification. The passenger was reaching toward the center console. The officer stated it appeared the person was either concealing or retrieving something from the center console area. Officer Nissen knocked on the window and again asked for his identification. The person was leaning forward and reaching to his left. Officer Nissen opened the door and drew his Taser. The person was ordered out of the vehicle and was handcuffed. At this point Officer Nissen observed a one-quarter-full bottle of alcoholic beverage in the area where the person had been seated. Officer Nissen opened the bottle and confirmed it contained an alcoholic beverage. Officers searched the vehicle and discovered in the center console a cup with an alcoholic beverage. They also discovered a loaded .38-caliber revolver in the center console.

Phillips was charged with carrying a revolver in his vehicle, an aggravated misdemeanor, in violation of Iowa Code section 724.4(1) (2013). He filed a motion to suppress, arguing the police officers found the revolver during an unconstitutional search. The State invoked the automobile exception, arguing the officers saw the passenger had an unsealed bottle of alcoholic beverage,

which established probable cause to search the vehicle for more evidence of an "open container" violation. In response, Phillips argued there was no open-container violation.

After a hearing, the district court wrote:

> The court concludes that to the extent that a seizure occurred, the officers' initial approach to the vehicle where the defendant was standing was based on specific and articulable cause to reasonably believe that music emanating from the car was in violation of Waterloo City Ordinance No. 4-5-4(A)(2). Said section prohibits operating any radio or similar device in a motor vehicle in a public right of way at a noise level in excess of 60 dBa at twenty-five feet. Officer Nissen's observation of a quarter-full bottle of liquor provided officers with probable cause to believe that the driver and passenger of "a motor vehicle upon a public street" possessed an open or unsealed bottle in violation of Iowa Code Sections 321.284 and 321.284A. The subsequent search of the console area of the vehicle was based on probable cause to believe that the vehicle contained additional evidence of violation of said sections and the exigency of an automobile. *State v. Bergmann*, 633 N.W.2d 328, 338 (Iowa 2001). The discovery of the .38-caliber revolver was not the product of an illegal search and seizure.

Phillips then stipulated to a trial on the minutes, was convicted of carrying weapons, and now appeals.

We begin our analysis by pointing out that we are not dealing with a traffic stop based on a moving vehicle violation. *Cf. Tyler*, 830 N.W.2d at 298 ("Under *Terry*, police may stop a moving automobile in the absence of probable cause to investigate a reasonable suspicion that its occupants are involved in criminal activity." (citation omitted)). The vehicle was parked. We are not provided with a copy of the noise ordinance, and thus, we are unable to determine the penalty for a violation. But the State does not claim that the ordinance violation provided

probable cause to search the vehicle. Here, the search was predicated on the actions of the person sitting in the passenger seat of a parked car.

On appeal, the State asserts, "When Officer Nissen saw [the person in the passenger seat of the car] attempt to conceal a bottle of alcohol in the defendant's passenger seat, he witnessed an ongoing violation of Iowa Code section 321.284A." Officer Nissen did not state he made such an observation. His testimony was: "I requested an identification card from him." He was then asked, "Okay. And then what were [the man's] actions after that?" Officer Nissen stated, "He began to slowly reach around to his left, and it appeared to me he was trying to conceal something or retrieve something." Officer Nissen did not see the bottle until after he had ordered the man out of the vehicle. We are not persuaded Officer Nissen had probable cause of an ongoing offense that would allow a warrantless seizure of the man or search of the vehicle.

Phillips argues the search was unreasonable because there was no "open container" violation. He asserts the evidence shows the vehicle was parked and he was not in the vehicle at the time the officers approached. Phillips also asserts that the evidence does not support a finding that the engine was running,[1] which has been found to be an important factor in determining whether one is operating a motor vehicle while intoxicated.

Iowa's open-container law provides, in part:

> A driver of a motor vehicle upon a public street or highway shall not possess in the passenger area of the motor vehicle an open or unsealed bottle, can, jar, or other receptacle containing an alcoholic beverage. "Passenger area" means the area designed to seat the driver and passengers while the motor vehicle is in

---

[1] The district court did make a finding that the "vehicle had been running."

operation and any area that is readily accessible to the driver or a passenger while in their seating positions, including the glove compartment.

Iowa Code § 321.284(1).

It has been stated, "one can be convicted of operating while intoxicated without ever having moved the vehicle." *State v. Massick*, 511 N.W.2d 384, 387 (Iowa 1994) (citing *State v. Webb*, 210 N.W. 751, 751-52 (1926) (operating while intoxicated conviction upheld where defendant was stopped by police just after starting the car but before driving down the road)). Current case law provides there is no "operation" of a motor vehicle within the terms of the OWI statute unless the vehicle is in motion or the engine is running. *State v. Boleyn*, 547 N.W.2d 202, 205 (Iowa 1996);[2] *see also State v. Weaver*, 405 N.W.2d 852, 853 (Iowa 1987) (finding the defendant was "operating" a motor vehicle when found parked in the middle of the road with the engine running). "This is because we have approved the definition of 'operate' as 'the immediate, actual physical control over a motor vehicle that is in motion and/or has its engine running.'" *State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998) (citation omitted).

Acknowledging this line of cases, we still must emphasize that in all the operating-while-intoxicated cases above, there was a person in the car in the

---

[2] This court has observed,

In *Boleyn*, the defendant was found slumped over the steering wheel with the keys in the ignition at a cemetery, but Boleyn was not operating the vehicle when the officers encountered him. 547 N.W.2d at 204. After officers aroused Boleyn, he admitted that he drove his vehicle to the cemetery where he was found. *Id.* The supreme court affirmed Boley's [OWI] conviction, concluding there was substantial evidence that Boleyn had driven to the cemetery in an intoxicated condition. *Id.* at 206. Although the essence of Justice Snell's dissent in *Boleyn* is appealing, it has never been adopted by our supreme court, and we leave that decision where it rightly belongs, with our supreme court.

*State v. Munger*, No. 12-0564, 2013 WL 2146454, at *4 (Iowa Ct. App. May 15, 2013).

driver's seat. A "driver" is defined as every person who is in actual physical control of a motor vehicle upon a highway." Iowa Code § 321.1(48). What the open-container provision prohibits is "[a] *driver* of a motor vehicle upon a public street or highway" from possessing an open container. *Id.* § 321.284(1). When the officers approached the parked vehicle, Phillips was not in the car. There was no "driver." Even if the vehicle's engine was running,[3] it cannot be said that Phillips was a driver when he is standing outside the vehicle.[4] Officer Nissen testified, "As McGeough and I passed, we observed presumably the driver, Mister, Mr. Phillips standing next to the vehicle." Because warrantless searches are unreasonable under all but special circumstances, we are not inclined to stretch the exceptions so far as to allow the search here on the basis of a violation of Iowa Code section 321.284. *See State v. Brown*, No. 13–2054, 2015 WL 4468841, at *2-3 (Iowa Ct. App. July 22, 2015) (determining that "the open container prohibition contained in Iowa Code section 321.284(1) does not apply to privately-owned parking lots").

The State also relies upon section 321.284A(1), which addresses open-container violations by passengers. That section states:

> A passenger in a motor vehicle upon a public street or highway shall not possess in the passenger area of the motor vehicle an open or unsealed bottle, can, jar, or other receptacle containing an alcoholic beverage. "Passenger area" means the area of a motor vehicle designed to seat the driver and passengers while the motor vehicle is in operation and any area that is readily

---

[3] We note that of the three police recordings of the encounter, there is no music audible. Nor is there any way we can discern from the audio and video recordings that the vehicle was running.

[4] The minutes of evidence state that at one point Phillips made his way back to the driver's side door and leaned into the vehicle. We do not believe leaning into the driver's side door constitutes actual physical control of the vehicle. The police recordings also fail to support that anyone was in physical control of the vehicle.

accessible to the driver or a passenger while in their seating positions, including the glove compartment.

Iowa Code § 321.284A(1). The use of the term "passenger"—"a person who is traveling from one place to another in a car, bus, train, ship, airplane, etc., and who is not driving or working on it"[5]—infers motion of the vehicle. This definition is consistent with the exceptions noted in Iowa Code section 321.284A(2):

> This section does not apply to a passenger *being transported* in a motor vehicle designed, maintained, or used primarily for the transportation of persons for compensation, or a passenger *being transported* in the living quarters of a motor home, motorsports recreational vehicle, manufactured or mobile home, travel trailer, or fifth-wheel travel trailer.

(Emphasis added.)

Here, there was no driver, no one in actual physical control of the vehicle, and no motion. Moreover, we highly doubt the legislature intended to crack down on passengers more severely than the actual driver or operator of the motor vehicle by imposing criminal liability without a driver or motion.

We conclude the motion to suppress should have been granted. All evidence obtained in the subsequent search is inadmissible. We reverse the trial court's ruling denying the motion to suppress, and remand the case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[5] *See* http://www.merriam-webster.com/dictionary/passenger (last visited November 3, 2016).