STATE OF IOWA, Appellee, v. FAY OVERBAY, Appellant.

**MOTOR VEHICLES:** Operation While Intoxicated—Facts Constituting
1 **Violation.** The statute against operating a motor vehicle while intoxicated (Sec. 5027, Code of 1924) is violated by so operating it while attempting to get the vehicle out of a ditch along the side of the road, into which ditch the car had inadvertently slid.

**CRIMINAL LAW:** Punishment—Indeterminate Sentence as Excessive.
2 The appellate court may not say that an indeterminate sentence is excessive when the record reveals justification for a penitentiary sentence.

Headnote 1:   28 Cyc. p. 49.   Headnote 2:   17 C. J. p. 365.

*Appeal from Fremont District Court.*—EARL PETERS, Judge.

DECEMBER. 15, 1925.

REHEARING DENIED MARCH 19, 1926.

THE defendant was found guilty of operating an automobile while he was in a state of intoxication. Sentence was imposed that he be confined in the penitentiary at Fort Madison for a term not exceeding one year. From this judgment he has appealed.—*Affirmed.*

*J. J. Ferguson* and *R. F. Hickman,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill, Garrett,* Assistant Attorney-general, and *B. J. Flick,* for appellee.

EVANS, J.—The events involved herein occurred about 6:00

P. M. on January 18, 1924. The defendant and one Clayton occupied a Ford touring car inclosed with side curtains, and were driving north. The road was icy and slick. This car was the property of the defendant. Some distance behind the defendant's car, and going in the same direction, was a Ford coupé. Some distance behind the Ford coupé was another car, going in the same direction, and occupied by the sheriff of the county. The defendant's car slid into the ditch at the right of the road, and was thereby stopped. The sheriff's car was at this time 100 or 150 yards away. The sheriff drove by the stalled car to a distance of about 50 feet, where he stopped. He alighted from his car, and came back to the defendant's car. At that time, the defendant sat at the wheel, operating the engine, while Clayton was behind the car, pushing the same, in a joint effort to get the car out of the ditch. The sheriff then and there took the defendant into custody, on the charge that he was operating a car while drunk.

1. MOTOR VE-HICLES: operation while intoxicated: facts constituting violation.

The larger volume of the evidence is directed to the charge of drunkenness. This charge was sufficiently proved. Nor is there any dispute but that the defendant was at the wheel, operating the engine, in an effort to draw the car out of the ditch, at the time that the sheriff came back to the car. Whether he had operated the car on the road before it went into the ditch is strongly denied, both by himself and by his witnesses. For the purpose of a conviction, it must be said that the operation of the engine in the attempt to get the car back on the road was a violation of the statute, even though it be true that he had not operated the car prior to the accident. But the question of whether he had operated the car prior to the accident was a very important one, as bearing upon the aggravation of the offense. It is not claimed that Clayton was under the influence of liquor. The defendant and Clayton each testified that Clayton, and not the defendant, was driving the car. The witness Tillman was the owner of a repair shop at Hamburg, from which place the defendant and Clayton had started earlier in the evening. Tillman testified that, when they left his place, Clayton was driving the car. There is no direct contradiction of any of this testimony. The sheriff did testify

·that Clayton got out of the right side of the car. This statement was one of inference only. He was in no position to see the parties in the car, or to see Clayton get out of the car on the right side, at any time before his return to the car after passing it. At that time, Clayton was behind the car, pushing the same. It being assumed that Clayton got out of the car on the right side, the further inference is drawn that he must have been sitting on the right side, and that the defendant must have been all the time at the wheel. Clayton's explanation of the accident was that he undertook to make room for the Ford coupé to pass him, and that he thereby encountered a slippery place, which caused his car to slide to the right hand. Under the road conditions shown, it was an accident that could have happened to anyone. We do not think that the evidence in this record will justify a finding that the defendant was operating the car prior to the accident.

The defendant complains that the punishment inflicted was excessive. If the defendant was guilty only of operating the car while he joined with Clayton in an effort to get it out of the ditch, the emergency was one which operated as a mitigation, rather than as an aggravation, of the offense. The punishment imposed was the maximum, but the sentence was *indeter-* *minate.* It is therefore beyond our power to reduce the term. What we have said in *State v. Giles*, 200 Iowa 1232, is applicable here.

2. CRIMINAL LAW: punishment: indeterminate sentence as excessive.

The judgment is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.