# IN THE COURT OF APPEALS OF IOWA

No. 15-0627
Filed April 27, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**OMAR MARTINEZ,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, John D. Telleen,
Judge.

A defendant challenges his conviction for operating while intoxicated, third
offense. **AFFIRMED**.

Jack E. Dusthimer, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant
Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

The main question in this appeal is whether the State proved beyond a reasonable doubt that Omar Martinez had been operating the Ford Tempo in which police found him sitting in an intoxicated state in the early morning hours of June 15, 2014. Because we find substantial circumstantial evidence in the record that while under the influence of alcohol Martinez did operate the car, we decline to upend the jury's verdict. Martinez also alleges he received ineffective assistance from his trial counsel. Because he fails to show counsel breached any duty resulting in prejudice, we affirm

## I.    Facts and Prior Proceedings

At 3:45 a.m. on June 15, 2014, dispatch sent two Bettendorf police officers to the Chateau Knoll apartment complex in response to a 911 call reporting a man creating a disturbance and trying to gain entrance to an apartment. The officers found Martinez sitting in the driver's seat of a white Ford Tempo in the complex parking lot. The Tempo—registered to Martinez's mother—was parked at a skewed angle inside the marked space. The car's engine was not running, and the key was not in the ignition.

Showing signs of intoxication, Martinez told the officers he was there to retrieve some belongings from his ex-girlfriend's apartment. He also told the officers he had been at a friend's house watching soccer matches and drinking beer. He said a friend dropped him off at the apartment complex and his mother was going to pick him up. But when the officers checked Martinez's cell phone, they found no calls to his mother arranging a ride. The friend did not answer when police called him from Martinez's phone. The most recent nine calls were

to his ex-girlfriend, who lived at the apartment complex. When asked how the vehicle he was sitting in had gotten there, Martinez responded, "[I]t had been there forever." At no point did Martinez tell the officers the Tempo had been driven to the apartment complex by anyone else.

Officer Andrew Champion testified he felt the hood of Martinez's car and reached toward the radiator to see if the engine was warm. He detected it was "definitely" warmer than the night air, though he acknowledged it was a "comfortable" June night. It was the officer's opinion that the car had recently been operated. The officer testified checking vehicles in this fashion to see if the engine had been running recently was a common police practice.

Martinez performed poorly on the standardized field sobriety tests administered by the officers. The officer placed Martinez under arrest and found an "older model square top Ford key" in his pocket. Officer Champion used the key to lock the passenger side door. The officers transported Martinez to the station where he placed a phone call to his mother and then refused chemical testing.

On July 11, 2014, the Scott County Attorney filed a trial information charging Martinez with operating while intoxicate (OWI), third offense, in violation of Iowa Code section 321J.2(1) and (2)(c) (2013). Martinez stood trial before a jury on February 2, 2015; the only two witnesses were the Bettendorf police officers. The jury returned a guilty verdict on February 3, 2015. Martinez filed a motion for new trial, which the district court denied. The court sentenced Martinez to an indeterminate five-year sentence with initial placement at the

residential correctional facility as a part of the OWI continuum. Martinez filed a timely notice of appeal.

## II.     Scope and Standards of Review

When reviewing the district court's denial of a motion for judgment of acquittal, we frame the evidence in the light most favorable to the State. *State v. Boleyn*, 547 N.W.2d 202, 204 (Iowa 1996). Our scope of review is for the correction of legal error. *Id.* We accept all legitimate inferences that we can reasonably deduce from the evidence presented at trial. *Id.* If we find substantial evidence in the record to support the conviction, we uphold the denial of the motion for judgment of acquittal. *Id.* Evidence is substantial if it would convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.*

In deciding an ineffective-assistance-of-counsel challenge, we review the evidence de novo. *State v. Lopez*, 872 N.W.2d 159, 168 (Iowa 2015).

## III.     Analysis

Martinez raises two issues on appeal. First, he claims the district court erred in overruling his motion for judgment of acquittal. Second, he claims his trial counsel provided ineffective representation in three ways. We will address each claim in turn.

### A.  Substantial Evidence

As the name suggests, the crime of operating while intoxicated requires proof of two elements: (1) operation of a motor vehicle (2) while under the influence of an alcoholic beverage, a drug, or a combination of such substances. Iowa Code § 321J.2. At trial, Martinez conceded he was intoxicated when the

police encountered him in the early morning hours. His argument in moving for judgment of acquittal was based on the "operation" element. He continues to contest that point on appeal.

"Operate" means the immediate, actual physical control over a motor vehicle that either is moving or has its engine running. *State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998). Even if the State's evidence fails to prove an intoxicated defendant was in the process of operating a motor vehicle when authorities found the defendant, the State may establish operation through circumstantial evidence "that the defendant *had* operated while intoxicated when driving to the location where the vehicle was parked." *Id.* at 377-78; *see also Boleyn*, 547 N.W.2d at 205. Circumstantial and direct evidence are equally probative under Iowa law. Iowa R. App. P. 6.904(3)(p).

In this case, the State presented the following circumstantial evidence supporting the finding that Martinez had operated the vehicle while he was intoxicated: (1) police found Martinez sitting upright in the driver's seat of the car; (2) he claimed he was there to pick up items from his ex-girlfriend; (3) the car was parked in a haphazard manner, as if the driver was impaired; (4) nobody else was present in the parking lot in the wee hours of the morning; (5) Martinez had a Ford car key in his pocket, which worked to lock the Tempo door; (6) in the view of the officers, Martinez was "evasive" in his explanation of how he and the car ended up at the parking lot; and (7) the warmth of the car's engine indicated recent operation.

We conclude the jury could have reasonably determined from the entirety of the State's evidence that Martinez drove his mother's car to his ex-girlfriend's apartment complex while he was under the influence of alcohol.

**B. Ineffective Assistance of Counsel**

Martinez next contends his trial attorney's performance was subpar in three ways: (1) failing to challenge the standard of review applied by the district court in overruling his motion for judgment of acquittal; (2) failing to object to hearsay evidence that he "pounded on the door" of his ex-girlfriend's apartment at 3:45 a.m., when that information came only from the dispatcher; and (3) failing to challenge the district court's reliance on the "pounding" evidence in denying the motion for judgment of acquittal.

To prevail on his ineffective-assistance-of-counsel claims, Martinez must show counsel failed to perform an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Although we often preserve ineffective-assistance claims for postconviction-relief hearings, we will consider them on direct appeal if the record is adequate. *Lopez*, 872 N.W.2d at 169. Here, we find the record adequate to reject Martinez's allegations.

In regard to Martinez's first claim, we find no error in the district court's articulation of the standard for ruling on a motion for judgment of acquittal. Under the rules of criminal procedure, "The court . . . shall order the entry of judgment of acquittal of one or more offenses charged in the indictment after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." Iowa R. Crim. P. 2.19(8)(a). Here, the district court stated: "The court has looked at the evidence and when the evidence viewed in the light

most favorable to the State I think there is clearly enough evidence to generate a jury question here." The district court's terminology has been used by our supreme court in deciding substantial evidence questions. *See, e.g., State v. Radeke*, 444 N.W.2d 476, 478-79 (Iowa 1989) (looking "at all the evidence in the light most favorable to the State" and finding "sufficient evidence to generate a jury question"). Accordingly, trial counsel breached no duty in declining to object.

In his second and third claims, Martinez alleges counsel should have objected to "details" from dispatch concerning his conduct at the apartment as hearsay and should have challenged the court's reliance on the assertion he was "pounding on the door" in overruling his motion for judgment of acquittal.

The State argues, even assuming the information relayed by the dispatcher was inadmissible, Martinez has not shown how his counsel's failure to object resulted in prejudice. We agree. The assertion Martinez was "pounding on the door" of his ex-girlfriend's apartment was not necessary to the finding that he had operated the Tempo while intoxicated. Ample circumstantial evidence, distinct from Martinez's conduct at the apartment, pointed to his act of driving. Martinez has not satisfied the prejudice prong of *Strickland*. *See Lopez*, 872 N.W.2d at 169 ("Prejudice is generally found only if 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (citation omitted)).

To recap, we find no error in the court's denial of Martinez's motion for judgment of acquittal and no merit to his claims of ineffective assistance of counsel.

**AFFIRMED.**