# IN THE COURT OF APPEALS OF IOWA

No. 16-0754
Filed May 17, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**TERRENCE WILLIAMS,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.

Terrence Williams appeals the sufficiency of the evidence to support his conviction for operating a vehicle while intoxicated, third or subsequent offense. **AFFIRMED.**

Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Around 8:00 a.m. on June 14, 2015, Iowa State Patrol Trooper Brett Rykhoek saw a vehicle parked on the shoulder of northbound Highway 75. The trooper noticed while driving past that "it appeared that [the driver] was leaning up against his driver's side window sleeping or had something going on with him," so he stopped to see if the driver needed assistance. The trooper's patrol car's dash-cam video-recorded the stop. The audio from inside the trooper's patrol car was captured, but if the trooper was wearing a body microphone, its audio was not recorded.

The video shows the following. The patrol car, with its flashing lights on, pulled behind a Ford Focus parked on the shoulder of the highway. The Focus's left turn signal was blinking. Then, the Focus's brake lights flashed, and the turn signal was turned off.

The trooper approached the car, and the person sitting in the driver's seat opened the door. That person was Terrence Williams, the owner of the car. A brief exchange occurred, wherein the driver gave the trooper some documents—presumably his license and insurance—and Williams was asked to exit his car and sit in the patrol car. Williams lost his balance a bit at one point during the short walk, reaching his arm out to steady himself.

Inside the patrol car, the trooper asked Williams several questions, and the following exchange[1] occurred:

> Trooper: Terrance. Where you coming from, Terrance?
> Williams: City.

---

[1] Because the audio was not transcribed, we rely on our own opportunity to listen to the recordings in our quoting of the recordings.

Trooper: Sioux City?

Williams: Yeah.

Trooper: Yeah? Why'd you stop on the side of the road here?

Williams: I was getting tired and I was—

Trooper: Getting tired?

Williams: Yeah.

Trooper: Yeah? Up late last night, or?

Williams: Yeah.

Trooper: Yeah? What were you doing?

Williams: Just hanging out with some friends.

Trooper: Hanging out?

Williams: Yeah.

Trooper: Gotcha. . . . Well, the reason I'm asking since I'm smelling the scents of alcohol here. Just noticed you kinda sleeping in the car there, when we drove by. Wanted to make sure everything's okay, alright.

The trooper had Williams perform some field sobriety tests and a preliminary breath test. After failing the tests, Williams was read the *Miranda* warning and placed under arrest for operating while intoxicated (OWI), and the trooper patted Williams down outside the patrol car. The officer found cash on Williams and asked why he had it. Williams said he had been out drinking with his friends in Sioux City. The trooper placed Williams back in the patrol car, stating he would be right back.

While the trooper was talking to Williams, a trooper and a deputy sheriff searched Williams's car, including the car's back-seat area and its trunk. After Williams was placed in the patrol car and left alone, he noticed the officers going through his car and remarked, with slurred speech, "You won't find no f**king drugs in there, dumbasses. F**k you."

On the drive to the county jail, the trooper asked Williams how much he had to drink last night. Williams answered, "Like, I'm thinking like five." Williams told the trooper, when asked what he had been drinking, "three or four beers"

and a "couple of mixed drinks." They had to wait on a train, and the trooper continued his conversation with Williams:

> Trooper: There's no place you could have stayed at last night or slept longer?
> Williams: Not really, no.
> Trooper: No one that could have . . . given you a ride home?
> Williams: Nope.

Williams was subsequently charged with OWI, third or subsequent offense. Williams waived a jury trial, and the matter was tried to the bench. Thereafter, the court entered its ruling finding Williams guilty as charged. The court explained:

> The evidence clearly shows that [Williams] was the sole occupant of a vehicle parked on the shoulder of a highway, that he was in the driver's seat with the key in the ignition, that there wasn't any alcohol observed in the car, and that he was intoxicated and/or had a breath alcohol in excess of .08. [The trooper] asked [Williams] where he was coming from, to which [Williams] responded, "Sioux City." The trooper then asked, "Why did you stop on the side of the road?" [Williams] responded, "I was getting tired." All of these factors adequately support a finding that [Williams] was/had been the operator of the vehicle. The court also finds [Williams's] admissions as to the consumption of alcohol, his performance on field sobriety tests, and his demeanor in general show him to have been impaired and to have been so when he pulled off the traveled portion of the roadway because he was getting tired.

Williams now appeals, challenging the sufficiency of the evidence to support the court's guilty verdict. Our review is for correction of errors at law. *See State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015). We accept all legitimate inferences that we can reasonably deduce from the evidence presented at trial. *See id.* "The district court's findings of guilt are binding on appeal if supported by substantial evidence. Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable

doubt." *State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008). "We review the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly reasonably be deduced from the evidence in the record." *State v. Webb*, 648 N.W.2d 72, 76 (Iowa 2002); *State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998).

The State was required to prove two elements beyond a reasonable doubt to establish Williams committed the crime of OWI: (1) Williams operated a motor vehicle, and (2) Williams was "under the influence of an alcoholic beverage or other drug," or some combination, or had an excessive blood alcohol level while operating the vehicle. *See* Iowa Code § 321J.2(1); *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004). On appeal, Williams does not dispute the second element but argues, as he did before the district court, that the State failed to prove the "operation" element of OWI. "Operate" has been defined as the immediate, actual physical control over a motor vehicle that either is moving or has its engine running. *See Hopkins*, 576 N.W.2d at 377. Even if the State's evidence fails to prove an intoxicated defendant was in the process of operating a motor vehicle when authorities found the defendant, the State may establish operation through circumstantial evidence "that the defendant had operated while intoxicated when driving to the location where the vehicle was parked." *Id.* at 377-78; *see also State v. Boleyn*, 547 N.W.2d 202, 205 (Iowa 1996). Circumstantial and direct evidence are equally probative under Iowa law. Iowa R. App. P. 6.904(3)(p).

In this case, the State presented the following circumstantial evidence supporting the finding that Williams had operated the vehicle while he was

intoxicated: (1) the trooper found Williams sitting in the driver's seat of the car, intoxicated; (2) Williams was alone in the car; (3) the car was on the shoulder of the highway with its turn-signal on; (4) the car's keys were in the ignition and in the on position, though the engine was not running; (5) the car was searched and no alcohol containers were observed; (6) Williams admitted he stopped his car there because he was tired, indicating he operated the car; and (7) he admitted he was coming from Sioux City where he met friends and had been drinking. After our review of the record, considered in the light most favorable to the State, we conclude the fact-finder could have reasonably determined from the entirety of the State's evidence that Williams drove his car to the shoulder-of-the-highway location while he was under the influence of alcohol. The fact that he shut off the engine before he was observed by the trooper does not nullify his prior unlawful operation of the vehicle. Accordingly, we affirm Williams's conviction of OWI, third or subsequent offense.

**AFFIRMED.**