**IN THE COURT OF APPEALS OF IOWA**

No. 16-0992
Filed June 21, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSE DOMINGO ASCENCIO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Fowler
(Trial) and Christine Dalton Ploof (sentencing), District Associate Judges.

        Jose Domingo Ascencio appeals from the judgment and sentence entered
upon his conviction of operating while intoxicated (first offense).  **AFFIRMED.**

        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant
Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Convenience store employees believed customer Jose Domingo Ascencio was intoxicated when he drove his vehicle from the store. A Davenport police officer stopped the vehicle and discovered an intoxicated Ascencio in the passenger seat.

The State charged Ascencio with operating a motor vehicle while intoxicated (first offense), in violation of Iowa Code section 321J.2(2)(a) (2015). Following a bench trial, the district court found him guilty. On appeal, Ascencio argues the evidence was insufficient to support the court's finding of guilt.

Operating while intoxicated requires proof of two elements: (1) operation of a motor vehicle (2) while under the influence of alcohol or while having an "alcohol concentration" of .08 or more. Iowa Code § 321J.2(1); *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004). Ascencio focuses his appellate argument on the first element—whether he was "operating" a motor vehicle.[1]

The term "operate" has been defined as "the immediate, actual physical control over a motor vehicle that is in motion and/or has its engine running." *State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998) (quoting *State v. Boleyn*, 547 N.W.2d 202, 205 (Iowa 1996)). Even if the evidence fails to prove that an intoxicated defendant "was in the process of operating a motor vehicle when the authorities found" the defendant, "circumstantial evidence may establish that the defendant *had* operated while intoxicated when driving to the location." *Id.*

The district court found Ascencio guilty of OWI (first offense)

---

[1] At trial, his attorney stated, "[W]e're not addressing the intoxication issue."

> [b]ased on the credible testimony of the two employees from [the convenience store], who saw him drive away from the [store] in a clearly intoxicated state, the test results from the DCI Criminalistics Laboratory, the testimony of the officers who provided several indications that Mr. Ascencio was intoxicated, and the credible testimony of [an officer] that the defendant indicated he was driving when asked how he arrived at the [store] . . . .

These findings, and in particular the findings relating to Ascencio's operation of a motor vehicle, are supported by substantial evidence. *See id.* (setting forth standard of review).

One of the store employees testified Ascencio approached the counter and "was, like, belching." He was "incoherent," and the employee thought "he was going to puke on [the] counter." The employee asked the store supervisor to assist. She confirmed Ascencio "was slurring, burping, [and] just couldn't seem to keep his balance." She said, "He seemed intoxicated." After a few minutes, both employees saw Ascencio leave the store, get into a "red SUV" and drive off. The supervisor called the police to report a drunk driver in a red SUV.

A Davenport police officer saw a red SUV "sitting at a green light." A woman was in the driver's seat. She pulled the vehicle over and noticed that the woman had moved to the back seat and Ascencio was in the front passenger seat. The officer smelled alcohol in the vehicle and saw alcoholic beverages in the center console. She testified Ascencio's "eyes were watery and bloodshot, his speech was slurred, he had an odor of an alcoholic beverage emanating from his person, and when he spoke, the odor became even stronger." He was also "very unsteady on his feet." She transported him to the Scott County jail, where he was subjected to field sobriety tests and a preliminary breath test. She

concluded he was "highly intoxicated." Later, Ascencio was asked how they arrived at the gas station. He responded, "Me drive."

The district court as fact finder reasonably found from the convenience stores employees' unequivocal testimony that Ascencio drove the red SUV from the store. Although the police officer later saw a woman at the wheel, it was within the district court's purview to credit the testimony of the store employees, given a window of approximately five to ten minutes in which Ascencio could have picked up a passenger and switched to the passenger seat. *See id.* ("[W]hen the evidence is in conflict, the fact finder may resolve those conflicts in accordance with its own views as to the credibility of the witnesses.").

We affirm Ascencio's conviction, judgment and sentence for OWI (first offense).

**AFFIRMED.**