# IN THE COURT OF APPEALS OF IOWA

No. 18-0529
Filed March 6, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MICHELLE BREWER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

A defendant appeals her conviction for operating while intoxicated. **AFFIRMED.**

Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Michelle Brewer appeals her conviction for operating while intoxicated. We find substantial evidence in the record supports her conviction. We affirm Brewer's conviction.

Just after 8:00 a.m. on May 21, 2017, law enforcement responded to a call in Muscatine. The encounter was recorded on the patrol car and police station cameras. At the designated intersection, the officer discovered a vehicle parked at an angle where the driver had driven onto the corner with the back of the vehicle protruding into the intersection. The vehicle was not running, and no keys were in the ignition. A passer-by told the officer she found Brewer asleep with the driver door open; Brewer thought the passerby was her mother.

Brewer was awake in the driver's seat of the vehicle, talking with the passer-by, with the keys in her purse when the officer arrived. The car belonged to Brewer, and she spent time looking for her registration and car insurance. The officer could smell alcohol on Brewer's breath. Brewer admitted to drinking the night before. Brewer exhibited red, glassy eyes, heightened emotions, and slurred speech. In the car next to Brewer was a full container of biscuits and gravy that appeared to be fresh from a gas station. When asked how she got there, she replied, "Apparently I drove." She refused to take a preliminary breath test, stating she knew she would fail. The officer placed Brewer under arrest and drove her to the police station in his patrol car. By the time the officer and Brewer arrived at the station, she claimed she had not been the driver. At the station, Brewer took three field sobriety tests, each showing markers of intoxication. Brewer again refused to provide a breath sample for testing.

Brewer was charged with operating while under the influence of alcohol or a drug, in violation of Iowa Code section 321J.2 (2017). A jury trial was held December 13-14. At the end of the State's evidence, Brewer moved for judgment of acquittal. The court denied the motion. The jury found Brewer guilty of operating while intoxicated, first offense. Brewer appeals, claiming the State failed to prove she operated the motor vehicle while under the influence of drugs or alcohol.[1] She claims the evidence does not show she drove or operated the vehicle, and her proximity is not substantial evidence to support the verdict.

We review sufficiency of evidence claims for correction of errors at law. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). We will consider all evidence in the record, including all reasonable inferences fairly drawn from the evidence, viewed in the light most favorable to the State. *State v. Reed*, 875 N.W.2d 693, 704 (Iowa 2016). We will uphold a verdict supported by substantial evidence in the record. *State v. Showens*, 845 N.W.2d 436, 440 (Iowa 2014). "Evidence is substantial when 'a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt.'" *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (quoting *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997)).

Brewer's vehicle was not in motion and its engine was not running when the officer arrived. However, circumstantial evidence may establish a defendant had operated a vehicle while intoxicated when driving to the location the vehicle is parked. *State v. Hopkins*, 576 N.W.2d 374, 377–78 (Iowa 1998); *State v. Boleyn*,

---

[1] Brewer also claims the State failed to prove she stole a purse because no one saw her driving the vehicle. This argument does not match any of the allegations or the conviction in this case, so we disregard it.

547 N.W.2d 202, 205 (Iowa 1996). Circumstantial evidence consists of evidence observed by a witness and an inference by which a conclusion is drawn. *See Hopkins*, 576 N.W.2d at 378. "Circumstantial and direct evidence are equally probative." *Id.*

Brewer was initially discovered asleep in the driver's seat of her vehicle with the door open. When the officer arrived she was still in the driver's seat and had the keys in her possession. There was no indication of any other driver. The vehicle was "parked" with the front end pulled into a corner with the remainder of the vehicle protruding into the intersection. She initially reacted to a question of how she got there by saying, "Apparently I drove." Brewer was very emotional throughout the encounter and exhibited considerable confusion. She told officers she had been drinking the night before and had been dropped off at her house. A fresh container of food was found on the passenger seat of the car. She identified a passer-by as her mother. She refused to take a breath test, stating she knew she would fail. Brewer performed three field sobriety tests, showing signs of intoxication.

We find a jury could reasonably infer Brewer had been operating her vehicle the morning of May 21, and the jury could reasonably find Brewer was under the influence of alcohol or another drug based on Brewer's behavior as shown in the videos and other evidence presented.

**AFFIRMED.**