# IN THE COURT OF APPEALS OF IOWA

No. 24-0238
Filed October 2, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DUSTIN JEFFREY DICKERSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Appanoose County, Rose Anne Mefford (Trial) and Mark Kruse (Sentencing), Judges.

        A defendant challenges whether substantial evidence supports his conviction of operating while intoxicated.  **AFFIRMED**.

        R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Greer, P.J., Ahlers, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**VOGEL, Senior Judge.**

Around 4:15 a.m. on October 22, 2022, a woman noticed a vehicle idling on the road, outside of her rural home—the vehicle's lights were on and it was stationary in the middle of the road. Worried about theft, the woman called the sheriff's office. Fifteen minutes later, an Appanoose County Deputy Sheriff arrived at the scene and confirmed the presence of a vehicle in the middle of the road with its lights on.

When the deputy approached, she observed a man—Dustin Dickerson—slumped over the steering wheel. The car was still in drive and Dickerson was the only person in the car. The deputy knocked on the window, trying to engage Dickerson. He "would move around a little bit" and eventually woke up. Body camera footage of the event shows Dickerson was disoriented and confused—he could not explain why he was in the road, and when asked where he was coming from and going to, he gave the same answer. He also could not find his driver's license despite it being visible in his wallet. The deputy observed a "strong odor of alcohol coming from the vehicle and from him," and noted his "eyes were bloodshot and glassy" and his speech was slurred. The deputy removed Dickerson from his car and asked him to perform field sobriety tests. Dickerson refused. The deputy then transported Dickerson to the Appanoose County Jail, where Dickerson declined DataMaster breath testing.

The State charged Dickerson with operating while intoxicated under Iowa Code section 321J.2 (2022). The case proceeded to a jury trial, where the deputy testified to the above encounter. For his defense, Dickerson offered his ex-wife's testimony that he was with her that evening and had not consumed alcohol. The

ex-wife also testified that it was not unusual for Dickerson to "be tired" and "pull over" to sleep in his car for fifteen or twenty minutes. After deliberating for forty minutes, the jury found Dickerson guilty of operating a motor vehicle under the influence of alcohol, in violation of Iowa Code section 321J.2(1)(a). Dickerson now appeals, challenging whether substantial evidence supports his conviction.[1]

We review Dickerson's sufficiency-of-the-evidence claim for correction of errors at law. *State v. Boleyn*, 547 N.W.2d 202, 204 (Iowa 1996). We will affirm the verdict if it is supported by substantial evidence. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). "Substantial evidence review is a deferential standard of review; the question is not whether the evidence supports a different finding but whether the evidence supports the finding actually made." *State v. Smith*, 926 N.W.2d 760, 762 (Iowa 2019). Through this lens, we "view the evidence in the light most favorable to the State," accepting "any legitimate inferences that may reasonably be deduced from the evidence." *Boleyn*, 547 N.W.2d at 204.

"A person commits an OWI by operating a motor vehicle . . . [w]hile under the influence of an alcoholic beverage." *State v. Warren*, 955 N.W.2d 848, 856 (Iowa 2021); *see also* Iowa Code § 321J.2(1)(a). This serious misdemeanor can be proved by direct or circumstantial evidence, with both being equally probative.

---

[1] Beyond briefing the merits, the State adds that Dickerson's appeal "illustrates the need for a change to Rule 6.1005(1) to allow appellate counsel to move to withdraw from a frivolous appeal from a criminal conviction following a jury trial." *Compare* Iowa R. App. P. 6.1005(1) (2024) (excluding "direct criminal appeals following a trial" from rule authorizing court-appointed counsel "to withdraw on the grounds that the appeal is frivolous"), *with* Iowa R. App. P. 6.1005(1) (2010) (excluding only "termination-of-parental-rights and child-in-need-of-assistance appeals" from frivolous-withdrawal rule). We leave such rule-change requests to our supreme court.

*Boleyn*, 547 N.W.2d at 205. Indeed, the jury was instructed it could find Dickerson was "under the influence" of alcohol if his "reason or mental ability ha[d] been affected," his "judgment [was] impaired," his "emotions [were] visibly excited," or he "ha[d], to any extent, lost control of bodily actions or motions." *See State v. Schiebout*, 944 N.W.2d 666, 671 (Iowa 2020) ("Jury instructions, when not objected to, become the law of the case for purposes of appellate review for sufficiency-of-evidence claims.").

Dickerson points to several facts he believes undermines his conviction— his ex-wife said he had not been drinking that evening, no alcohol was found in the vehicle, local bars closed two hours before he was found, the deputy was not familiar with Dickerson's normal speech pattern, his bloodshot eyes could have stemmed from waking up at that hour, and no blood test was performed to confirm Dickerson's impairment. Yet Dickerson overlooks important facts and ultimately asks us to depart from the jury's credibility determinations.

The jury watched the body camera footage, which showed Dickerson was confused, unresponsive, and at times incoherent. The jury could credit the deputy's testimony and significant experience with intoxicated drivers to conclude that Dickerson's slurred speech, bloodshot eyes, and strong smell of alcohol showed he was not merely tired, but impaired. The jury could also decline to credit the ex-wife's testimony, rejecting it because it was plainly inconsistent with the body camera footage showing an intoxicated Dickerson, because she was biased from her personal relationship with Dickerson, or both. *See State v. Morgan*, 877 N.W.2d 133, 138 (Iowa Ct. App. 2016) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment

such evidence should receive." (citation omitted)). Finally, chemical testing is not required to convict Dickerson under section 321J.2(1)(a). *Boleyn*, 547 N.W.2d at 205–06. Therefore, the jury could reasonably consider the totality of the circumstances—Dickerson was passed out over the steering wheel, the vehicle was still in drive, he smelled of alcohol, his eyes were bloodshot, his speech was slurred, and he could not explain why he was in the middle of the road—and conclude that Dickerson operated his vehicle while intoxicated. Accordingly, substantial evidence supports Dickerson's conviction.

**AFFIRMED.**